UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENISE BERNICKY, | ) |
| Plaintiff | ) ) ) |
| v. | ) CAUSE NO. 3:06-CV-195RM ) |
| CORESOURCE, INC., | ) ) |
| Defendant | ) |

OPINION AND ORDER

Denise Bernicky, without benefit of counsel, sues CoreSource, Inc. for medical benefits under her employee health care plan, which she alleges CoreSource wrongfully denied. CoreSource seeks summary judgment, and for the reasons that follow, the court grants that motion.

The following facts are taken from the summary judgment record for purposes of this motion only and are viewed as favorably to Ms. Bernicky as is reasonable. Ms. Bernicky began her employment with National Wine and Spirits in 1998 as an a customer service representative.[1] She enrolled in the company health plan — "National Wine and Spirits, Inc. Plan C 90/70 Plan Employee Benefit Qualified High Deductible Health Plan"— and elected family coverage. The plan documents identify the plan administrator as the "employer," which is

---

[1]CoreSource's summary judgment brief identifies Ms. Bernicky's employer as "National Wine & Spirits, Inc," while the subject plan identifies her employer as "National Wine and Sprits, Inc." Nothing in the record suggest this clerical differentiation is material to the disposition of the matter, so the court refers to Ms. Bernicky's employer as "National Wine and Spirits" for purposes of clarity and consistency.

defined as "National Wine and Spirits, Inc." CoreSource is identified as the claim processor for the plan.

Under the plan, an employee's deductible varied depending upon whether the expenses were incurred with a "preferred provider" or a "nonpreferred provider." The plan defines a preferred provider as a "physician, hospital, or ancillary service provider which has an agreement in effect with the Preferred Provider Organization (PPO) to accept a reduce rate for services rendered to covered persons." A nonpreferred provider has no such agreement. The PPO at the time of Ms. Bernicky's claim was Indiana Health Network.

Ms. Bernicky delivered a baby at Memorial Hospital on April 20, 2005. She mistakenly believed Memorial Hospital to be a "in network provider," but Memorial had ended its contractual relationship with Indiana Health Network in January 2005, so it wasn't a preferred provider at the time of her delivery. Ms. Bernicky sought to have her medical expenses covered as preferred provider expenses, but her claim was denied on August 11 because of Memorial Hospital's provider status. She filed this suit in small claims court, and CorseSource removed the action, asserting subject matter jurisdiction under the Employee Income Retirement Security Act, 29 U.S.C. § 1001, et seq.

Ms. Bernicky seeks benefits that she claims CoreSource improperly denied under the terms of her employee health care plan, so her claim is within the scope of § 502(a). <u>Jass v. Prudential Health Care Plan, Inc.</u>, 88 F.3d 1482, 1490 (7th Cir. 1996). The only proper defendant on a claim to recover benefits under § 502(a) is

2

the ERISA plan itself, id., but that requirement has been criticized. *See* Mein v. Carus Corp., 241 F.3d 581, 585 (7th Cir. 2001) ("While it is silly not to name the plan as a defendant in an ERISA suit, we see no more reason to have this case stand starkly for the proposition that the plan is always the only proper defendant . . . ."); *see also* Penrose v. Hartford Life & Accident Ins. Co., No. 02 C 2541, 2003 WL 21801214, *3 (N.D. Ill. 2003) (holding that § 1132(d) wasn't intended to limit § 1132(a)(1)(B) suits to ERISA plans, and that the "Jass dictum is no longer good law if it ever was"). Indeed, courts have allowed plaintiffs to sue those parties with the authority to determine benefits, where the defendant employer and the plan were "closely intertwined," Mein v. Carus Corp., 241 F.3d at 585, or where "the employer and/or administrator have failed to create or identify an entity known as a plan which can be sued." Penrose v. Hartford Life & Accident Ins. Co., 2003 WL 21801214, at *3; *see also* Rivera v. Network Health Plan of Wisconsin, 320 F. Supp. 2d 795, 800-801 (E.D. Wis. 2004) (denying insurance company's summary judgment motion because the plan documents were still missing, it was not clear whether the insurance company was the plan administrator, and the defendant had sole responsibility for determining benefits); Madaffari v. Metrocall Cos. Group, No. 02 C 4201, 2004 WL 1557966 *2-5 (N.D. Ill. 2004) (allowing plaintiff to sue under § 502(a) the insurance company who determined the claims because there was ambiguity in determining the identity of the plan entity).

Unlike the defendants in Mein v. Carus Corp., CoreSource is neither Ms. Bernicky's employer nor closely intertwined with the subject plan; CoreSource is

a third party claims processor whose role in determining benefits was limited to "discretionary authority to review all denied claims under appeal for benefits under the Plan." Nor is this case like Rivera v. Network Health Plan of Wisconsin, Madaffari v. Metrocall Cos. Group, and Penrose v. Hartford Life & Accident Ins., because the plan documents clearly identify National Wine and Spirits, Inc. Plan C 90/70 Plan Employee Benefit Qualified High Deductible Health Plan as the plan entity, Nation Wine and Spirts as the plan administrator, and CoreSource as the claims processor. Because the plan documents don't ambiguously equate CoreSource with the clearly identified plan or plan administrator, the court cannot say CoreSource is the proper party under the limited exceptions set forth in the above cases. *See, e.g.,* Moffat v. Unicare Health Ins. Co. of the Midwest, 352 F. Supp. 2d 873, 876-879 (N.D. Ill. 2005); Williams v. Aetna Life Ins. Co., 2006 WL 2794969 * 4 (N.D. Ill. 2006). Accordingly, CoreSource's summary judgment motion [Doc. # 25] must be, and hereby is, GRANTED.

    SO ORDERED.

    Entered:   June 4, 2007

                              /s/ Robert L. Miller, Jr.
                              Chief Judge
                              United States District Court